UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PHILLIP O. SHWACHMAN, MATTHEW W. SCWACHMAN, JUDITY L. SCWACHMAN, HOPEDALE PROPERTIES, LLC, and HOPEDALE INDUSTRIAL CENTER<br>    Plaintiff,<br>        v.<br><br>TOWN OF HOPEDALE, TOWN OF HOPEDALE BOARD OF SELECTMEN, THOMAS A. WESLEY, LOUIS J. ARCUDI, III, BRIAN R. KEYES, STEVEN A. SETTE, GRAFTON & UPTON RAILROAD, JON DELLI PRISCOLI, MICHAEL D. MILANOSKI, JASON G. MACDONALD, FIRST COLONY GROUP, LLC, DRAPER FALLS, LLC, LOBISSER BUILDING CORP., KEVIN LOBISSER, HOPEDALE HOUSING AUTHORITY, HOPEDALE DOWNTOWN REVITALIZATION COMMITTEE, HOPEDALE PLANNING BOARD, and DONALD W. HOWES,<br>    Defendants. | CIVIL ACTION<br>No. 18-40209-TSH |

**MEMORANDUM OF DECISION AND ORDER ON PLAINTIFFS' MOTION FOR REMAND, PLAINTIFFS' MOTION TO DISMISS COUNTS XI AND XII AND JOINT MOTION FOR ENTRY OF JUDGMENT**
May 19, 2021

**HILLMAN, D.J.**

Plaintiffs Philip O. Shwachman, Hopedale Properties, LLC, and Hopedale Industrial Center, LLC (collectively, "Plaintiffs") brought this action in Massachusetts Superior Court, Worcester County, on November 21, 2018, asserting state and federal claims against Defendants the Town

of Hopedale, the Town of Hopedale Board of Selectmen, Thomas A. Wesley, Louis J. Arcudi, III, Brian R. Keyes, Steven A. Sette, Jason G. MacDonald, the Hopedale Downtown Revitalization Committee, the Hopedal Housing Authority, the Hopedale Planning Board and Donald. W. Howes (collectively "Municipal Defendants"); the Grafton & Upton Railroad Company ("G&U"), Jon Delli Priscoli ("Delli Priscoli"), First Colony, LLC ("First Colony"), and Michael Milanoski ("Milanoski") (collectively, the "Railroad Defendants"); Defendants Kevin Lobisser; Lobisser Building Corp.; Draper Falls, LLC (collectively, the Lobisser Defendants"). The claims involved the process by which Defendants attempted to redevelop large parcels of land and empty buildings owned by Plaintiffs in the Town of Hopedale.[1]

The Defendants removed the action to this Court on December 19, 2018. The first ten Counts of the Complaint bring state law claims for equitable relief against the Municipal parties. The Complaint alleges, in Counts I through X, that the Defendants engaged in intentional and repeated violations of state laws that are designed to promote transparency, openness and honesty in municipal government, including serial violations of M.G.L. c. 30A, § 23 (the Open Meeting Law), M.G.L. c. 66 (the Public Records Law), state rules and guidelines regarding the public bidding process, M.G.L. c. 268A (conflict of interest statute), and M.G.L. c. 121B (the state urban renewal statute). There are two Counts brought under 42 U.S.C. § 1983. Count XI alleges violations of the Shwachman Plaintiffs' rights under the First Amendment of the United State Constitution as well as substantive and procedural due process rights under the Fifth and Fourteenth Amendments. Count XII alleges a violation of the Fourteenth Amendment's right to equal protection.

---

[1] Plaintiffs Matthew W. Shwachman and Judith L. Shwachman are no longer parties to the action, having joined only in the now-resolved Open Meeting Law claim, Count IX, against some of the Municipal Defendants.

The Railroad Defendants removed the action to federal court on December 19, 2018. (Docket No. 1). On January 17, 2019, Plaintiffs moved for remand back to Superior Court. (Docket No. 23). Plaintiffs' motion for remand remains pending. Following three days of Court-ordered mediation conducted by Magistrate Judge Marianne Bowler, Plaintiffs resolved their claims involving the Municipal and Lobisser Defendants, leaving only six claims, Counts XI through XVI against the Railroad Defendants as the sole remaining defendants. Counts XI and XII are federal civil rights claims and the remaining four are state claims.

Before the Court are six motions: the Schwachman Plaintiffs' Motion to Remand (Docket No. 23); the Railroad Defendants' Special Motion to Dismiss the six counts against them under the Massachusetts Anti-SLAPP statute (Docket No. 30), specifically, Count XI (§ 1983 substantive and procedural due process violations of the First, Fifth and Fourteenth Amendments of the United States Constitution,); Count XII (§ 1983 Equal Protection violations of the Fourteenth Amendment to the United States Constitution); Count XIII (Massachusetts Civil Rights Act, "MCRA"); Count XIV (M.G.L. c. 93A); Count XV (tortious interference with advantageous business relationships); and Count XVI (civil conspiracy); Defendant Michael Milanoski's Special Motion to Dismiss under the Anti_SLAPP statute (Docket No. 37); the Schwachman-Municipal Joint Motion for Entry of Judgment (Docket No. 106); Plaintiffs' Motion to Dismiss Plaintiffs' Counts XI and XII (Docket No. 112); and the Railroad Defendants' Joint Motion for Judgment on the Pleadings (Docket 113).

*Motion for Entry of Judgment*

Plaintiffs and the Municipal Defendants negotiated an Agreement for Judgment (the "Agreement"), resolving this matter as to all of Plaintiffs' claims against the Municipal Defendants. They have asked the Court to approve the Agreement and enter the Judgment,

leaving the six claims against the Railroad Defendants. The Railroad Defendants oppose approval of the Agreement for Judgment on the grounds that it is unlawful and unenforceable. Defendants also argue that the Court should not enter separate and final judgment under Fed. R. Civ. P. 54(b) because the Plaintiffs do not meet the standard under which that rule can be employed on an entry of partial final judgment. Plaintiffs and the Municipal Defendants contend that the Railroad Defendants lack standing to participate in this litigation separately from the Town and to challenge the Agreement. Plaintiffs also contend that because the terms of the Settlement Agreement are fair and reasonable and it was vetted and approved by Magistrate Judge Bowler, the Agreement should be approved. Plaintiffs respond that they have not invoked Rule 54(b) and are not requesting separate and final judgment.

    The Railroad Defendants oppose the joint motion for the entry of Agreement of Judgment on the grounds that the Agreement, which incorporates the Settlement Agreement entered between the Municipal Defendants and the Plaintiffs, is unlawful and unenforceable. Specifically, they argue that by agreeing to allow Plaintiff Schwachman to participate on a citizen's committee relating to downtown redevelopment in Hopedale, it is an unlawful relinquishment of police power. The Defendants also contend that because the Agreement affects the rights of third parties, including themselves, and they have not had notice or an opportunity to be heard, it should not be allowed by the Court.

    Plaintiffs first argue that the Railroad Defendants, who are not party to the Settlement Agreement, lack standing to object to its terms. *See Varsity Wireless Inv'rs, LLC v. Town of Hamilton*, 370 F. Supp. 3d 292, 299 (D.Mass. 2019), appeal dismissed sub nom. *Varsity Wireless Inv'rs, LLC v. Woods*, No. 19-1446, 2019 WL 5692232 (1st Cir. Aug. 28, 2019) (defendant not a party to an agreement for judgment did not have standing to challenge it. While it appears the

Railroad Defendants lack standing to a settlement agreement to which they are not a party,[2] *see* 2A Fed. Proc., L. Ed. § 3:546, *Federal Procedure, Lawyers Edition* (March 2021 Update), the Court nevertheless reviewed their arguments against the terms of the Agreement.

"Approval of a proposed consent decree is committed to the discretion of the district court." *United States v. Cannons Engineering Corp.*, 720 F.Supp. 1027, 1035 (D.Mass. 1989), *aff'd* 899 F.2d 79 (1st Cir. 1990). In assessing a proposed consent decree, the district court "must review [it] to ensure that it is fair, adequate and reasonable; that the proposed decree will not violate the Constitution, a statute or other authority; and that it is consistent with the objectives of Congress." *See Conservation Law Found. of New England. Inc. v. Franklin*, 989 F.2d 54, 58 (1st Cir. 1993) (internal quotations and citations omitted). In addition, in evaluating the fairness of a proposed consent decree, "a court should examine both the procedural and substantive aspects of the decree," and "fairness should be examined from the standpoint of signatories and non-parties to the decree." *Cannons*, 720 F.Supp. at 1040. The court's "discretion should be exercised in light of the strong policy in favor of voluntary settlement of litigation." *Id*. at 1035.

The Agreement resolving the claims between the Plaintiffs and the Municipal Defendants includes an agreement to withdraw the draft urban renewal plan that was the crux of the parties' initial feuding and the inclusion of Mr. Schwachman in future municipal planning efforts involving *his* property. The Agreement also states that the parties will not allow the Railroad Defendants to "effectively run" any future urban renewal plan to the extent that it may affect the Shwachman properties. It does not, however, strictly prohibit any of the Railroad Defendants from participating in any process involving these issues. Furthermore, the Agreement does not

---

[2] The Railroad Defendants elected to not participate in the mediation.

prejudice the Railroad Defendants or take away any of their legal rights or claims in this or any matter.

The public interest is served in that the Town will benefit from renewal of the town redevelopment process and its potential to improve its buildings and land. The Agreement will also save the taxpayers of the Town the expenses associated with further litigation. Accordingly, the Agreement for Judgment between Plaintiffs and the Municipal Defendants constitutes a "fair, adequate and reasonable compromise" concerning the costs and benefits to the Town of Hopedale and its residents and the Plaintiffs.

Finally, Defendants argue that Rule 54(b) does not authorize the entry of judgment for the Plaintiff and Municipal Defendants at this time. Plaintiffs and the Municipal Defendants agree that Rule 54(b) does not apply here and contend that their only reference to the rule is on the docket entry, where the electronic filing system did not allow for a more definitive choice. As it is clear in the motion and supporting memorandum that the parties are asking for approval of the Settlement Agreement and not separate and final judgment, the Court will enter the Agreement for Judgment as filed.

*Motion to Dismiss and Motion to Remand*

Pursuant to Fed. R. Civ. P. 41(a)(2), the remaining Plaintiffs move that the Court dismiss with prejudice Counts XI and XII of Plaintiffs' First Amended Complaint for the reasons set forth below. In the alternative, Plaintiffs, pursuant to Fed. R. Civ. P. 15, move that the Court allow Plaintiffs to amend their complaint to dismiss Counts XI and XII and drop the claims and parties that have been resolved through settlement.

"Rule 41(a) (2) establishes a framework for district courts to enter voluntary dismissals." *Esso Standard Oil Co. (Puerto Rico) v. Rodriguez–Perez,* 455 F.3d 1, 3 (1st Cir.2006); *see also Doe v. Urohealth Systems, Inc.,* 216 F.3d 157, 160 (1st Cir. 2000). By its terms, Rule 41(a)(2)

applies to the dismissal of "an action." The plain and ordinary language of Rule 41(a)(2) allows a plaintiff to dismiss an entire action against a defendant as opposed to one of several claims against a defendant. *See Klay v. United Healthgroup, Inc.,* 376 F.3d 1092, 1106 (11th Cir. 2004) (text of Rule 41 "does not permit plaintiffs to pick and choose, dismissing only particular claims within an action"). "'A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a).'" *Id.* (*quoting* 8 James Wm. Moore *Moore's Federal Practice* § 41.21[2] (3rd ed. 2013)). A dismissal of Counts XI and XII is therefore inappropriate under Rule 41(a) (2). Rule 15(a), Fed. R. Civ. P. however, remains available to drop Counts XI and XII. "Courts in this district construe motions to withdraw some but not all of the claims against a particular defendant as motions to amend pleadings under Fed. R. Civ. P. 15 rather than motions to dismiss voluntarily under Fed. R. Civ. P. 41(a)." *Momenta Pharm., Inc. v. Teva Pharm. USA, Inc.*, No. 10–cv–12079–NMG, 2014 WL 298027, at *2 (D.Mass. Jan. 24, 2014) (collecting cases); *see Addamax Corp. v. Open Software Found., Inc.*, 149 F.R.D. 3, 5 (D.Mass. 1993) (recognizing that "Rule 15(a), Fed. R. Civ. P., is the proper vehicle to drop some but not all claims against a defendant or defendants"); *Moore's Federal Practice*: Civil § 41.21. The Court thus construes Plaintiffs' motion as a motion to amend its complaint to remove Counts XI and XII. *Id***.**

The Railroad Defendants did not bring counterclaims in this action and no discovery has been taken. The entire action has been stayed pending the Court-ordered mediation, which concluded with the Agreement. Counts XI and XII do not apply to the Railroad Defendants' anti-SLAPP special motions to dismiss the Massachusetts state law claims because they are based on federal civil rights. Finally the Railroad Defendants will not be prejudiced by the dismissal of

Counts XI and XII as Plaintiffs seek dismissal with prejudice and do not intend to proceed with the claims.

If a "district court has dismissed all claims over which it has original jurisdiction," it "may decline to exercise supplemental jurisdiction ...." 28 U.S.C. § 1367. "It has consistently been recognized that [supplemental] jurisdiction is a doctrine of discretion, not of plaintiff's right." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). "Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Id.*

Having disposed of the federal questions in the case, the Court must determine whether to exercise supplemental jurisdiction over the remaining state-law claims. "The district courts may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." Id. § 1367(c)(3); *Uphoff Figueroa v. Alejandro*, 597 F.3d 423, 431 n.10 (1st Cir. 2010). The decision "is a 'pragmatic and case-specific' one" that is committed to the district court's discretion; the court "must take into account considerations of judicial economy, convenience, fairness to the litigants, and comity." *Delgado v. Pawtucket Police Dep't*, 668 F.3d 42, 48 (1st Cir. 2012) (*quoting Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 257 (1st Cir. 1996)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S.Ct. 614 (1988). Having concluded that Plaintiffs' federal claims must be dismissed, I will decline to exercise supplemental jurisdiction over plaintiffs' remaining state law claims. *See Roche v. John Hancock Mut. Life Ins. Co.,* 81 F.3d 249, 256–57

(1st Cir.1996) ("In a federal-question case, the termination of the foundational federal claim does not divest the district court of power to exercise supplemental jurisdiction but, rather, sets the stage for an exercise of the court's informed discretion. In deciding whether to retain jurisdiction on such an occasion, the trial court must consider concerns of comity, judicial economy, convenience, fairness, and the like.") (internal citations omitted).

## Conclusion

For the above stated reasons, the Joint Motion for Entry of Agreement for Judgment (Docket No. 106) is hereby **GRANTED**; Plaintiffs' Motion to Dismiss Count XI and Count XII (Docket No. 112) is **GRANTED**; and Plaintiffs' Motion to Remand (Docket No. 23) is **GRANTED**. The remaining motions shall be refiled in Worcester Superior Court.

SO ORDERED.

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**UNITED STATES DISTRICT JUDGE**